CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 26 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID ARNOLD COLE, | ) |
| Plaintiff, | ) Civil Action No. 7:07cv00212 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TAMMY STANLEY, | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

Plaintiff David Arnold Cole, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendant committed malpractice by incorrectly diagnosing him with liver disease, hepatitis A, and hepatitis C. Cole seeks $200,000 in damages. The court finds that Cole has failed to state a claim upon which the court may grant relief and, therefore, dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I.

Cole claims that defendant Tammy Stanley, a nurse at Southwest Virginia Regional Jail, committed malpractice when she incorrectly diagnosed Cole with liver disease, hepatitis A, and hepatitis C. He states that this diagnosis, which he only alleges was told to him, caused him "a lot of mental and physical problems with family and friend[s]." He alleges that he "fear[s] for his life," that other inmates do not want to be near him, and that he was "brutally assaulted" based on the

---

[1] Moreover, it does not appear that Cole has exhausted all administrative remedies available to him. The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate's complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). In his complaint, Cole states that he submitted grievance forms to the defendants but that he has not yet received a response back. Accordingly, it appears to the court that Cole has not exhausted all available administrative remedies before filing the instant complaint; however, the court need not determine exhaustion because his allegations nevertheless fail to state a claim.

incorrect diagnosis.

## II.

To establish a claim of deliberate indifference under the Eighth Amendment, a plaintiff must show that the defendants knew of and disregarded an objective serious medical need or risk of harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Mere allegations of malpractice or negligence in treatment do not state cognizable constitutional claims. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998). In this case, Cole simply alleges that the defendant was negligent in diagnosing his conditions. He specifically states that he is "seeking payment for mal-practice [sic]." Therefore, the court finds that the allegations of this case fall short of the deliberate indifference standard required to state a claim under § 1983. Accordingly, this claim is dismissed.

## III.

To the extent that Cole's allegations can be construed a claim for failure to protect him from an assault by another inmate, it also fails. In order to raise an Eighth Amendment claim for failure to protect, an inmate must show that prison officials were deliberately indifferent to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish deliberate indifference, Cole must show that the defendant knew of and disregard an excessive risk of harm, mere negligence as to his safety is insufficient. Farmer, 511 U.S. at 838; Estelle, 492 U.S. at 104. In this case, Cole alleges nothing more than negligence by Stanley. Accordingly, the court finds that Cole has not shown that Stanley was deliberately indifferent and, therefore, his claim does not rise to the level of a constitutional violation.

## IV.

For the reasons stated herein, the court dismisses Cole's suit pursuant to § 1915A(b)(1) for

2

failure to state a claim.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the plaintiff.

**ENTER**: This 26th day of April, 2007.

_____
United States District Judge